SHERIFF — CONSANGUINITY LAWS
A Sheriff is prohibited by 21 O.S. 481 [21-481] (1961) from appointing his son as a Deputy Sheriff even though such Deputy Sheriff will be paid from funds derived from a grant to the Sheriff of federal funds through the Kiamichi Economic Development District. The Attorney General has received your opinion request wherein you ask the following question: ". . . Does 21 O.S. 481 [21-481] (1961) prohibit the Sheriff from appointing his son as a Deputy Sheriff when such appointee will be paid with funds derived from a grant under the Emergency Economic Act, through the Kiamichi Economic district?" Title 21 O.S. 481 [21-481] and 21 O.S. 482 [21-482] (1961), provide in part as follows: "Section 481. It shall be unlawful for any executive, legislative, ministerial or judicial officer to appoint or vote for the appointment of any person related to him by affinity or consanguinity within the third degree, to any clerkship, office, position, employment or duty in any department of the State, district, county, city or municipal government of such executive, legislative, ministerial or judicial officer is a member, when the salary, wages, pay or compensation of such appointee is to be paid out of the public funds or fees of such office. "Section 482. It shall be unlawful for any such executive, legislative, ministerial or judicial officer mentioned in the preceding section, to draw or authorize the drawing of any warrant or authority for the payment out of any public fund, of salary, wages, pay or compensation of any such ineligible person, and it shall be unlawful for an executive, legislative, ministerial or judicial officer to pay out of any public funds in his custody or under his control, the salary, wages, pay or compensation of any such ineligible person." (Emphasis added) 80 C.J.S. Sheriffs and Constables, Section 1, defines the word "Sheriff" as follows: "The sheriff ordinarily is an elected public officer and chief executive officer in his county, is an officer of the court and subject to its orders and directions, and is made responsible by common statutory law as conservator of the peace within his jurisdiction . . ." (Emphasis added) It is apparent from this definition that a Sheriff is both an executive and a judicial officer of the county in which he holds office. The term "consanguinity" as used in Section 481 embraces the father-son relationship. See Black's Law Dictionary, 4th Edition and 84 O.S. 218 [84-218] and 84 O.S. 220 [84-220] on this point. Section 21 O.S. 481 [21-481] expressly applies to any "clerkship, office, position, or duty" in any county. These considerations necessarily lead to the conclusion that the appointment by a Sheriff of his son to the position of Deputy Sheriff falls within the orbit of the statute in question. In construing this statute, the Court of Criminal Appeals in Reddell v. State,14 Okl. Cr. 199, 170 P. 273 held: "The question naturally arises: What was the intent and purpose of the foregoing statute? It is within the knowledge of the members of this Court that, prior to the adoption of anti nepotism statutes in this country, a practice had arisen wherein it was the custom of elected officials to appoint their relatives to subordinate positions and employment in their department of state and municipal government. It was this practice that led undoubtedly to the adoption of such statute, and this is the practice we think it was clearly intended to abolish. ". . . Section 2235 (Section 481), supra clearly indicates it was the intention of the Legislature to prevent the filling of subordinate offices, positions, employments, or duties of trust which are of a continuous nature, either provided by law or necessarily required to carry out the duties imposed by law on any such department . . . In other words, the Legislature intended to prevent the filling of offices and subordinate employment by relatives of the person making the appointment within the third degree. This was the practice that had grown to be disreputable prior to the enactment of the statute." (Emphasis added) A question is raised as to whether the provisions of Section 481 are applicable where the appointee is to be paid out of funds derived from the Federal Government. Section 21 O.S. 482 [21-482], supra, provides that it shall be unlawful to authorize "payment out of any public fund" to compensate persons declared to be ineligible in the preceding section. The use of the word "any" reflects a Legislative intent that no public fund is to be drawn upon for the purpose of compensating ineligible persons. As stated in your letter, the funds to be used for the salary are to be granted to the Sheriff for the purpose of hiring an additional Deputy Sheriff. As indicated by you the additional Deputy Sheriff will be an employee of the county and paid by a warrant issued by the county. Once the federal funds are granted to the Sheriff, paid to the funds of the county and disbursed by the county, they become "public funds of such office'' as contemplated by 21 O.S. 481 [21-481] (1961). The Attorney General, in an opinion to Honorable Carroll Bowie, issued on February 13, 1959, held that it is unlawful by virtue of 21 O.S. 481 [21-481] (1961) for a public officer to appoint a person related to him by affinity or consanguinity within the third degree, even though the appointee will serve without receiving any of the compensation provided by law for the position to which he is appointed. The authority of Sheriffs to appoint deputies is found in Title 19 O.S. 541 [19-541], 19 O.S. 542 [19-542], 19 O.S. 545 [19-545] and 19 O.S. 546 [19-546] (1961). Section 541 provides that appointees shall be paid out of the county general fund. Sections 542, 545, and 546 provide that appointees shall be compensated in full or in part out of the fees collected. Accordingly, appointments made pursuant to these statutes are subject to 21 O.S. 481 [21-481] (1961). It is, therefore, the opinion of the Attorney General that your question be answered in the negative. A Sheriff is prohibited by 21 O.S. 481 [21-481] (1961) from appointing his son as a Deputy Sheriff even though such Deputy Sheriff will be paid from funds derived from a grant to the Sheriff of federal funds through the Kiamichi Economic Development District. (Marvin C. Emerson) (Nepotism) ** See: opinion no. 88-595 (1988) **